**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| MISO Transmission Owners, et al., | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Nos. 25-1045, et al. (consolidated) |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission, | ) | |
| Respondent. | ) | |

**JOINT UNOPPOSED MOTION ON PROPOSED BRIEFING FORMAT**

On May 30, 2025, the Court issued an order returning these consolidated

cases to the Court's active docket, directing the parties to submit proposed briefing

formats by June 9, 2025, and encouraging the parties to submit a joint proposal on

briefing formats if possible.[1]   Petitioners the MISO Transmission Owners,[2]

---

[1] *MISO Transmission Owners v. FERC*, Nos. 25-1045, et al. (D.C. Cir. May 30, 2025) (order on motions).

[2] For purposes of this motion, the MISO Transmission Owners include: ALLETE, Inc., for its operating division Minnesota Power (and its subsidiary Superior Water, L&P); Ameren Services Company, as agent for Union Electric Company d/b/a Ameren Missouri, Ameren Illinois Company d/b/a Ameren Illinois, and Ameren Transmission Company of Illinois (collectively, "Ameren"); American Transmission Company LLC; Cleco Power LLC; Duke Energy Business Services, LLC for Duke Energy Indiana, LLC; Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy New Orleans, LLC; Entergy Texas, Inc.; Indianapolis Power & Light Company d/b/a AES Indiana; International Transmission Company d/b/a ITC*Transmission*; ITC Midwest LLC;

Ameren,[3] and the Louisiana Public Service Commission have conferred with Respondent Federal Energy Regulatory Commission ("FERC") and other parties and propose, without opposition, the following briefing format and schedule:

| Action | Due Date | Word Limit |
|---|---|---|
| Initial Submissions (if not already submitted), procedural motions, dispositive motions | July 1, 2025 | In accordance with Court rules |
| Two Petitioner Briefs: (1) Transmission Owner Petitioners; and (2) Louisiana Public Service Commission | August 14, 2025 | 13,000 words each[4] |
| One Intervenor Brief in support of the Louisiana Public Service Commission | September 4, 2025 | 4,550 words |

---

Michigan Electric Transmission Company, LLC; MidAmerican Energy Company; Montana-Dakota Utilities Co.; Northern Indiana Public Service Company LLC; Northern States Power Company, a Minnesota corporation, and Northern States Power Company, a Wisconsin corporation, subsidiaries of Xcel Energy Inc.; Northwestern Wisconsin Electric Company; Otter Tail Power Company; Southern Indiana Gas & Electric Company (d/b/a CenterPoint Energy Indiana South); and Wolverine Power Supply Cooperative, Inc.

[3]    Ameren and the MISO Transmission Owners are referred to collectively in this motion as the "Transmission Owner Petitioners."

[4]    Given the number and complexity of issues raised and the fact that the Transmission Owner Petitioners and Louisiana Public Service Commission are on opposite sides of these consolidated proceedings, separate Petitioner Briefs each with a full word count is appropriate.

| Action | Due Date | Word Limit |
|---|---|---|
| Briefs of Amici Curiae, to the extent permitted pursuant to Rule 29 of the Federal Rules of Appellate Procedure and Rule 29 of the D.C. Circuit Rules of Appellate Procedure | September 4, 2025 | 6,500 words each, or as permitted by the Court |
| Respondent FERC Brief | November 21, 2025 | 20,000 words |
| Two Intervenor Briefs in support of FERC: (1) Transmission Owner Petitioners as Intervenors in support of FERC; and (2) Louisiana Public Service Commission and any other aligned Intervenors in support of FERC | December 12, 2025 | 9,100 words each[5] |
| Two Petitioners Reply Briefs: (1) Transmission Owner Petitioners; and (2) Louisiana Public Service Commission | January 7, 2026 | 6,500 words each |
| Intervenors in support of Louisiana Public Service Commission | January 29, 2026 | 2,275 words |
| Joint Deferred Appendix | February 11, 2026 | N/A |
| Final Briefs | February 17, 2026 | N/A |

---

[5] As with the Petitioners, given the issues involved and the various alignments of the Intervenors, permitting separate Intervenor Briefs in support of FERC each with a full word count is appropriate. Moreover, under this proposed format, aligned Intervenors are required to coordinate on joint briefs, thereby reducing the possibility of duplication.

Petitioners are authorized to state that Respondent FERC and all Intervenors do not oppose the proposed briefing schedule and format.

## I.   THE PROPOSED BRIEFING SCHEDULE AND WORD LIMITS ARE APPROPRIATE FOR THIS CASE

This proceeding includes six consolidated petitions for review by more than twenty Petitioners seeking review of various aspects of two FERC orders in administrative proceedings spanning more than eleven years of litigation both at FERC and in this Court. The orders at issue relate to the Court's vacatur and remand to FERC in *MISO Transmission Owners v. FERC*, 45 F.4th 248 (D.C. Cir. 2022), of FERC's previous orders addressing two complaints that challenged the base return on equity ("ROE") allowed in the MISO Transmission Owners' rates for electric transmission service provided in interstate commerce.

The procedures proposed in this motion reflect the divergent interests of the Petitioners in these cases. The Transmission Owner Petitioners are owners of electric transmission facilities that *collect* FERC-regulated rates for transmission services. The Transmission Owner Petitioners were the respondents to the complaints that initiated the FERC proceedings below in 2013 and 2015. In acting on those complaints, FERC issued a series of orders reducing the Transmission Owner Petitioners' base ROE and mandating refunds for the difference between the rates collected and the rates FERC later determined to be just and reasonable. The Transmission Owner Petitioners appealed FERC's orders, which this Court

vacated and remanded back to FERC, but the Court did not address the Transmission Owner Petitioners' issues at that time because of the vacatur and remand on other grounds.[6] The Transmission Owner Petitioners challenge FERC's orders on remand here because, in their view, FERC's directives to provide refunds and its adjudication of a second complaint challenging the same base ROE violated FERC's statutory authorities under the Federal Power Act.

The Louisiana Public Service Commission is a state regulatory commission that regulates the retail rates and services of public utilities operating in Louisiana, including some of the Transmission Owner Petitioners.  The Louisiana Public Service Commission was active in the FERC proceedings below and has challenged various aspects of FERC's methodology for calculating the Transmission Owner Petitioners' base ROE, as well as certain of FERC's actions regarding refunds.

Certain Intervenors are or represent various customers, state regulatory commissions, or other interested parties in the Midcontinent Independent System Operator, Inc. region, where the rates established by FERC's orders in these proceedings are charged for transmission service.  These Intervenors may be aligned with Petitioners or Respondent FERC on various issues, and differently

---

[6]     *MISO Transmission Owners*, 45 F.4th at 265 (declining to reach the Transmission Owner Petitioners' issues because of the vacatur on other grounds).

aligned on other issues. Also, in addition to being Petitioners, the Transmission Owner Petitioners and the Louisiana Public Service Commission are also Intervenors in support of FERC on certain issues, but not on the same issues as each other.

Because of this diversity of interests, number and complexity of issues, and differing alignment of parties on various issues, Petitioners submit that the Transmission Owner Petitioners and the Louisiana Public Service Commission, and their respective Intervenors (if any), should each be allowed to submit separate opening and reply briefs as set forth in the briefing format above. The Transmission Owner Petitioners, while adverse to FERC on various refund issues, also support other aspects of FERC's orders and therefore should be permitted to file an Intervenor Brief in support of FERC on those issues, while the Louisiana Public Service Commission and other Intervenors support various other aspects of FERC's orders and therefore should be permitted to file a joint Intervenor Brief in support of FERC on those issues. The Court has previously recognized that permitting separate briefs of aligned groups of parties is appropriate in certain agency review cases, including the earlier cases that resulted in this Court's *MISO Transmission Owners v. FERC* opinion.[7] Respondent FERC has authorized

---

[7] Joint Motion on Proposed Briefing Formats at 6-9, *MISO Transmission Owners v. FERC*, Nos. 16-1325, et al. (D.C. Cir. Dec. 23, 2020); *MISO*

Petitioners to state that FERC does not oppose such separate briefs, so long as FERC is provided sufficient time and an adequate word allotment to respond to all Petitioners, which is achieved in the briefing format proposal set forth above. Petitioners and Intervenors commit to coordinate as much as possible to avoid repetitive submissions to the Court.

Petitioners propose a briefing schedule and word limits that reflect and accommodate the parties' divergent interests and the complexity of the issues the parties will present regarding the orders under review.  The proposed word limits and schedule included above recognize each set of interests should be able to present its arguments in accordance with the Court's rules and procedures.  Finally, the proposed schedule accounts for numerous intervening federal holidays and holiday periods and avoids briefing deadlines that coincide with holidays.

---

*Transmission Owners v. FERC*, Nos. 16-1325, et al., at 2 (D.C. Cir. Jan. 22, 2021) (order allowing separate briefs for petitioners, where petitioners had noted differences between the issues they had raised and preserved before FERC), *as amended MISO Transmission Owners v. FERC*, Nos. 16-1325, et al. (D.C. Cir. Feb. 2, 2021) (order revising briefing schedule); *see also* Joint (Unopposed) Proposed Briefing Format and Schedule at 5-7, *Pub. Citizen, Inc. v. FERC*, Nos. 14-1244, et al. (D.C. Cir. May 11, 2015); *Pub. Citizen, Inc. v. FERC*, Nos. 14-1244, et al. (D.C. Cir. July 1, 2015) (order setting briefing schedule).

## II.    CONCLUSION

WHEREFORE, Petitioners request that the Court grant this motion and adopt the proposed briefing schedule and word limits as discussed herein.

Respectfully submitted,

*/s/ Christopher R. Jones*
Christopher R. Jones
Troutman Pepper Locke LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
(202) 220-1200
Chris.Jones@troutman.com

Charles Dixon Wallace III
Troutman Pepper Locke LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1339
Dixon.Wallace@troutman.com

*Attorneys for*
*Ameren Services Company as agent for*
*Ameren Illinois Company, d/b/a Ameren*
*Illinois, Ameren Transmission Company*
*of Illinois, and Union Electric Company*
*d/b/a Ameren Missouri*

*/s/ Matthew J. Binette*
Wendy N. Reed
Matthew J. Binette
Abraham F. Johns III
WRIGHT & TALISMAN, P.C.
1200 G Street N.W., Suite 600
Washington, DC  20005-3898
(202) 393-1200
reed@wrightlaw.com
binette@wrightlaw.com
johns@wrightlaw.com

*Attorneys for the*
*MISO Transmission Owners*

*/s/ Justin A. Swaim*
Justin A. Swaim
Noel Joseph Darce
Dana Shelton
Stone Pigman Walther Wittmann LLC
909 Poydras Street, Suite 3150
New Orleans, LA 70112
(504) 581-3200
jswaim@stonepigman.com
ndarce@stonepigman.com
dshelton@stonepigman.com

*Attorneys for the*
*Louisiana Public Service*
*Commission*

Dated:  June 9, 2025

8

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| MISO Transmission Owners, et al., | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Nos. 25-1045, et al. (consolidated) |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission, | ) | |
| Respondent. | ) | |

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1), the undersigned certifies that the foregoing Joint Unopposed Motion on Proposed Briefing Format ("Motion"), filed on June 9, 2025, complies with the applicable type-volume limitations. The Motion was prepared using a proportionally spaced type (Times New Roman, 14 point) and contains 1,493 words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word Standard 2016) used to prepare the Motion.

Respectfully submitted,

 */s/ Matthew J. Binette*
Matthew J. Binette
WRIGHT & TALISMAN, P.C.
1200 G Street N.W., Suite 600
Washington, DC  20005
(202) 393-1200

*Attorney for the
MISO Transmission Owners*

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| MISO Transmission Owners, et al., | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Nos. 25-1045, et al. (consolidated) |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission, | ) | |
| Respondent. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2025, I have served the foregoing

Joint Unopposed Motion on Proposed Briefing Format via the CM/ECF system.  I

certify that all participants in the case are registered CM/ECF users and that service

will be accomplished by the CM/ECF system.

Respectfully submitted,

*/s/ Matthew J. Binette*
Matthew J. Binette
WRIGHT & TALISMAN, P.C.
1200 G Street N.W., Suite 600
Washington, DC  20005
(202) 393-1200

*Attorney for the*
*MISO Transmission Owners*